# In the United States Court of Federal Claims

| | | |
|---|---|---|
| **SOUTHEAST RESTORATION, INC.**<br>**dba AFTERDISASTER**<br>**1130 West Vandalia Road**<br>**Greensboro, North Carolina 27406-5606**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant.** | ) | **No. 07-884C**<br>**Judge Lynn J. Bush** |

## PLAINTIFF'S MOTION FOR PROVISIONAL RELIEF

Pursuant to 28 U.S.C. § 1491(a)(2), 28 U.S.C. § 2517(b), and RCFC 7(b)(1), Southeast Restoration, Inc. dba AFTERDISASTER (AFTERDISASTER), a North Carolina corporation and a small business, Plaintiff herein, hereby Moves for Provisional Relief by way of entry of a Partial Money Judgment against Defendant and, more particularly, against the South Central Veterans Affairs Health Care Network (VISN 16), United States Department of Veterans Affairs (Veterans Affairs), for remediation services delivered by Plaintiff AFTERDISASTER at the former United States Department of Veterans Affairs Medical Center, New Orleans, Louisiana, remediation

services delivered within the appropriated funds reserved, but unpaid, under five Purchase Orders issued by VISN 16.

In support of this Motion for Provisional Relief, AFTERDISASTER shows to the Court:

A. Hurricane Katrina came ashore on the southeast coast of Louisiana in the morning of August 29th, 2005. The damage inflicted by Hurricane Katrina to the former United States Department of Veterans Affairs Medical Center, 1601 Perdido Street, New Orleans, Louisiana 70112-1262 is the largest natural disaster ever sustained by the United States Department of Veterans Affairs.

B. The Basement of the former United States Department of Veterans Affairs Medical Center flooded after Hurricane Katrina came ashore. CCS Industrial Sales, Incorporated, 3062 Highway 43 North, Picayune, Mississippi 39466-7848 (CCS Industrial Sales) was contacted immediately by a Facilities Engineer at the former United States Department of Veterans Affairs Medical Center, and he asked CCS Industrial Sales to inspect and provide a firm fixed-price quotation for removal of water from the Basement of the former United States Department of Veterans Affairs Medical Center. The quotation was issued, reviewed, and Purchase Order Number V502P-

2477 in the amount of $165,000 was issued to CCS Industrial Sales on September 11th, 2005. Due to the nature of the work involved, the specific equipment required, and the lack of manpower and equipment on the Gulf Coast, CCS Industrial Sales subcontracted these remediation services to Plaintiff AFTERDISASTER. The remediation services were completed on September 22nd, 2005, invoiced, and then payment was received.

C. Randy Braley of VISN 16 thereafter arrived at the former United States Department of Veterans Affairs Medical Center and set up a meeting with Plaintiff AFTERDISASTER in a portable on-site office. The purpose of the meeting was to ask if Plaintiff AFTERDISASTER could become a Prime Contractor involving clean-up of the effects of Hurricane Katrina, including the Basement, Sub-basement, and other services "as needed" on Floors 1 through 10 of the former United States Department of Veterans Affairs Medical Center. Randy Braley said that he would write an initial Purchase Order and then issue subsequent Purchase Orders to keep the work progressing. Randy Braley said that he was in complete charge of all procurement for clean-up of the former United States Department of Veterans Affairs Medical Center, and that because of the emergency resulting from Hurricane Katrina he could issue Purchase

Orders in large amounts to a Prime Contractor which could timely mobilize labor and equipment at the former United States Department of Veterans Affairs Medical Center.

D. Randy Braley gave Plaintiff AFTERDISASTER verbal authorization to proceed. Randy Braley told Plaintiff AFTERDISASTER that United States Department of Veterans Affairs would monitor progress and would keep writing successor Purchase Orders as needed to keep Plaintiff AFTERDISASTER on the job. Plaintiff AFTERDISASTER was directed by the United States Department of Veterans Affairs to "stay the course" and to "get the place cleaned up."

E. On October 28th, 2005 Maria Pizzaro, a United States Department of Veterans Affairs Contracting Officer, gave Plaintiff AFTERDISASTER Purchase Orders Numbers 586-C6-0194, 586-C6-0195, 586-C6-0204, 586-C6-0216 and 586-C6-0218 together with a promise that complete copies of these Purchase Orders would be provided to Plaintiff AFTERDISASTER within two weeks of that date. When each of these verbal Purchase Orders was issued by Maria Pizzaro an initial amount was established at agreed-upon prices. In all cases except Purchase Order Number 586-C6-0195, the remediation services finally delivered at the agreed-upon prices exceeded the initial

amounts. Appropriated funds were reserved for the initial amounts of these Purchase Orders. In fact, physical copies of these Purchase Orders were not provided to Plaintiff AFTERDISASTER until after Plaintiff filed its certified Contract Disputes Act Claim on May 16th, 2007.

F. On November 9th, 2005 Plaintiff AFTERDISASTER renewed its request for physical copies of these Purchase Orders. VISN 16's response to this request was improper and unlawful threats by Randy Braley and Maria Pizzaro. A contemporaneous account by an official of Plaintiff AFTERDISASTER of these improper and unlawful threats by VISN 16 Contracting Officers Randy Braley and Maria Pizzaro is Attachment 1 to this Motion for Provisional Relief.

G. Plaintiff AFTERDISASTER finally completed the remediation services ordered under Purchase Order Number 586-C6-0216 (Tree/Vegetation Removal) on November 21st, 2005. Plaintiff AFTERDISASTER invoiced $88,504.55 for these remediation services on September 15th, 2006. Plaintiff AFTERDISASTER finally completed the remediation services ordered under Purchase Order Number 586-C6-0218 (Parking Garage Pressure Washing) on December 19th, 2005. Plaintiff AFTERDISASTER invoiced $119,111.05 for these remediation services on March 10th, 2006. Plaintiff AF-

TERDISASTER finally completed the remediation services ordered under Purchase Order Number 586-C6-0194 (Site Cleanup/Power Scrub) on January 6th, 2006. Plaintiff AFTERDISASTER invoiced $172,180.57 for these remediation services on May 16th, 2006. Plaintiff AFTERDISASTER was paid $74,250 under Purchase Order Number 586-C6-0194 (Site Cleanup/Power Scrub) and the balance of $721.07 within the appropriated funds reserved on Purchase Order Number 586-C6-0194 is past due. Plaintiff AFTERDISASTER finally completed the remediation services ordered under Purchase Order Number 586-C6-0195 (Cleaning—10G, 9G, 1G, Emergency Room, Patios) on January 6th, 2006. Plaintiff AFTERDISASTER invoiced $1,385,499.32 for these remediation services on May 10th, 2007. Plaintiff AFTERDISASTER finally completed the remediation services ordered under Purchase Order Number 586-C6-0204 (Air Scrubbers, Filters, and Set-Up) on January 31st, 2006. Plaintiff AFTERDISASTER invoiced $1,819,556.29 for these remediation services on February 19th, 2007. Plaintiff AFTERDISASTER has been paid nothing under Purchase Orders Numbers 586-C6-0195, 586-C6-0204, 586-C6-0216 and 586-C6-0218.

H. Plaintiff AFTERDISASTER submitted to VISN 16 Contracting Officer Brenda Stewart on May 16th, 2007 a certified $3,510,602 Contract Disputes Act Claim for re-

mediation services delivered by Plaintiff AFTERDISASTER under Purchase Orders Numbers 586-C6-0194, 586-C6-0195, 586-C6-0204, 586-C6-0216 and 586-C6-0218. This certified Contract Disputes Act Claim seeks recovery of $2,295,829.68 for remediation services delivered within the initial amounts established by Maria Pizzaro for these verbal Purchase Orders and this certified Contract Disputes Act Claim seeks recovery of $1,214,772.10 for continued remediation services delivered over and above the initial amounts established by Maria Pizzaro for these verbal Purchase Orders. A true and complete copy of this certified Contract Disputes Act Claim is Attachment 2 to this Motion for Provisional Relief.

I. On June 8th, 2007 the United States Department of Veterans Affairs' Office of Inspector General asked Plaintiff AFTERDISASTER for books and records supporting the certified Contract Disputes Act Claim that had been filed by Plaintiff AFTERDISASTER. In fact Plaintiff AFTERDISASTER had already submitted daily reports to the United States Department of Veterans Affairs when Plaintiff AFTERDISASTER was on-site in New Orleans. And the Federal employees of the United States Department of Veterans Affairs to whom Plaintiff AFTERDISASTER submitted these on-site daily reports remain on the rolls of the United States Department of Veterans Affairs.

A true and complete copy of this letter of June 8th, 2007 is Attachment 3 to this Motion for Provisional Relief.

J. On July 17th, 2007, this in response to a Freedom of Information Act, 5 U.S.C. § 552(a)(3), request, VISN 16 provided copies of Purchase Order Numbers 586-C6-0194, 586-C6-0195, 586-C6-0204, 586-C6-0216 and 586-C6-0218. Purchase Order Number 586-C6-0194 reserves appropriated funds in the amount of $75,000. Purchase Order Number 586-C6-0195 reserves appropriated funds in the amount of $1,500,000. Purchase Order Number 586-C6-0204 reserves appropriated funds in the amount of $750,000. Purchase Order Number 586-C6-0216 reserves appropriated funds in the amount of $75,000. Purchase Order Number 586-C6-0218 reserves appropriated funds in the amount of $85,000. A true and complete copy of the July 17th, 2007 Freedom of Information Act response and its enclosures is Attachment 4 to this Motion for Provisional Relief.

K. Provisional Relief by way of a Partial Money Judgment is available in this Court under 28 U.S.C. § 2517. *Doty v. United States*, 109 F.3d 746, 747 (1997). Provisional Relief incident to a Partial Money Judgment is available in this Court under 28 U.S.C. § 1491(a)(2). *Harris v. United States*, 4 Cl. Ct. 418, 419 (1984).

L. As a Contractor Plaintiff AFTERDISASTER is due interest under the Prompt Payment Act, 31 U.S.C. § 3902(a)-(b), on the amounts due Plaintiff AFTERDISASTER for the remediation services delivered by Plaintiff AFTERDISASTER within the appropriated funds reserved, but unpaid, under the five Purchase Orders issued by VISN 16 from the dates those remediation services were completed until paid. *Southern Comfort Builders, Inc. v. United States*, 67 Fed. Cl. 124, 155-156 (2005). VISN 16 cannot dispute Plaintiff AFTERDISASTER's entitlement to payment for these remediation services delivered by Plaintiff AFTERDISASTER within the appropriated funds reserved, but unpaid, under the five Purchase Orders issued by VISN 16. 31 U.S.C. § 3902(c).

WHEREFORE, Plaintiff AFTERDISASTER respectfully requests: (a) that the Court grants Provisional Relief to Plaintiff AFTERDISASTER by way of a Partial Money Judgment not less than $2,295,829.68 with interest on this Partial Money Judgment under the Prompt Payment Act, 31 U.S.C. § 3902(a)-(b); and (b) that the Court grants Plaintiff AFTERDISASTER such other and further Provisional Relief as may be just and proper.

Respectfully submitted,

/s/ Cyrus E. Phillips, IV

______________________________

Cyrus E. Phillips, IV
District of Columbia Bar Number 456500,
Virginia State Bar Number 03135

December 27th, 2007

1828 L Street, N.W., Suite 660
Washington, D.C. 20036-5112

Telephone: (202) 466-7008
Facsimile: (202) 466-7009
Electronic Mail: lawyer@procurement-lawyer.com

Attorney of record for Plaintiff,
Southeast Restoration, Inc. dba AFTERDISASTER.

## CERTIFICATE OF SERVICE

I hereby certify, under penalty of perjury, that on Thursday, December 27th, 2007 a true and complete copy of this Plaintiff's Motion for Provisional Relief was filed electronically via the Court's Electronic Case Filing System, through which notice of this filing will be sent to:

Armando A. Rodriguez-Feo, Esq.

Electronic Mail: Armando.Rodriguez-Feo@usdoj.gov

Attorney of record for Defendant,
United States Department of Veterans Affairs.

/s/ Cyrus E. Phillips, IV

Cyrus E. Phillips, IV