# In the United States Court of Federal Claims

No. 07-884 C

(Filed January 7, 2008)

* * * * * * * * * * * * * * * * * * * * * *
SOUTHEAST RESTORATION, INC., dba AFTERDISASTER, *

*Plaintiff*, *

v. *

THE UNITED STATES, *

*Defendant*. *
* * * * * * * * * * * * * * * * * * * * * *

**ORDER**

The court has before it a motion titled "Plaintiff's Motion for Provisional Relief," filed in the subject matter on December 27, 2007. For the reasons set forth below, plaintiff's filing must be stricken from the docket.

On December 18, 2007, plaintiff Southeast Restoration, Inc., dba Afterdisaster (Afterdisaster), filed its complaint seeking damages pursuant to the Contract Disputes Act (CDA), 41 U.S.C. § 609(a)(1). Therein, Afterdisaster, in its Prayer for Relief, requested that this court award it "a Money Judgment not less than $3,510,602 and allowable interest under 41 U.S.C. §611." Pursuant to the Rules of the United States Court of Federal Claims (RCFC), the government is required to file its answer or response to plaintiff's complaint within 60 days after service of the pleading in which the claim has been asserted. RCFC 12 (a)-(b). Subsequently, after 60 days have elapsed from the filing of the complaint or after service of a motion for summary judgment by the government, a plaintiff is then entitled to file a motion for summary judgment or for partial summary judgment. RCFC 56(a).

In the instant case, counsel for plaintiff has not waited for defendant to file its answer or response, which is due February 19, 2008. Instead, Afterdisaster, on December 27, 2007, filed Plaintiff's Motion for Provisional Relief. In this motion, plaintiff recounts many of its assertions as set forth in its complaint and requests that "the Court grants (sic) Provisional Relief to Plaintiff AFTERDISASTER by way of a Partial Money Judgment not less than $2,295,829.68 with interest on the Partial Money Judgment under the Prompt Payment Act, 31 U.S.C. § 3902(a)-(b)." Mot. for Provisional Relief at 9. Plaintiff cites to 28 U.S.C. § 1491(a)(2), 28 U.S.C. § 2517(b), and RCFC 7(b)(1) as support for the filing of its Motion for Provisional Relief. Mot. for Provisional Relief at 1. Afterdisaster further states:

> Provisional Relief by way of a Partial Money Judgment is available in this Court under 28 U.S.C. § 2517. *Doty v. United States*,109 F.3d 746, 747 (1997). Provisional Relief incident to a Partial Money Judgment is available in this Court under 28 U.S.C. § 1491(a)(2), *Harris v. United States*, 4 Cl. Ct. 418, 419 (1984).

Mot. for Provisional Relief at 8.

Upon careful scrutiny and consideration of each of the statutes and cases as well as the court rule cited by plaintiff's counsel, the court was able to find not one basis to support Afterdisaster's assertion that these cited sources provide for or allow the filing of plaintiff's Motion for Provisional Relief. Even if the court were to deem Afterdisaster's motion to be a motion for partial summary judgment, which the pleading, in actuality, most closely resembles,[1] the motion would still be inappropriate inasmuch as this court's rules do not permit such a filing until at least 60 days after the filing of the complaint or after the filing of a motion for summary judgment by the government. RCFC 56(a); *see Jennings v. United States*, 155 F. Supp. 571, 575 (Ct. Cl. 1957) (rejecting a summary judgment motion filed by plaintiff as "premature," when filed before defendant's pleading responding to the

---

[1]/ To the extent that plaintiff's motion might be construed as a request for equitable relief such as a writ of mandamus to obtain partial payment of the sum it seeks in this litigation, the court does not have authority to grant such relief. *See McNeil v. United States*, No. 06-747C, 2007 WL 1095679 (Feb. 23, 2007) (noting that "'the writ of mandamus may not be employed to secure the adjudication of a disputed right for which an ordinary suit affords a remedy equally adequate, and complete.'" (quoting *United States ex rel. Girard Trust Co. v. Helvering*, 301 U.S. 540, 544 (1937))).

complaint), *vacated on other grounds*, 168 F. Supp. 781 (1958); *Anderson v. United States*, 21 Cl. Ct. 143, 144 (1990) (noting that under rule "56(a), a party seeking to recover on a claim must wait sixty (60) days from the date the action is commenced before filing a motion for summary judgment"). Here, neither event has as yet occurred.

Accordingly, it is hereby **ORDERED** that the Clerk's office shall **STRIKE** Plaintiff's Motion for Provisional Relief, filed December 27, 2007, from the docket for the above-stated reasons. Defendant's response to plaintiff's complaint shall be **FILED** on or before February 19, 2008.

/s/Lynn J. Bush
LYNN J. BUSH
Judge