# In the United States Court of Federal Claims

| | | |
|---|---|---|
| **SOUTHEAST RESTORATION, INC.**<br>**d/b/a AFTERDISASTER**<br>**1130 West Vandalia Road**<br>**Greensboro, North Carolina 27406-5606**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant.** | ) | **No. 07-884C**<br>**Judge Lynn J. Bush** |

**PLAINTIFF'S STATUS REPORT**

Pursuant to the Court's Order of March 26th, 2008 Southeast Restoration, Inc. d/b/a AFTERDISASTER (AFTERDISASTER), a North Carolina corporation and a small business, Plaintiff herein, hereby files this Status Report of the proceedings in this Civil Action.

A. Hurricane KATRINA came ashore on the southeast coast of Louisiana in the morning of August 29th, 2005. The damage inflicted by Hurricane KATRINA to the former United States Department of Veterans Affairs Medical Center, 1601 Perdido

Street, New Orleans, Louisiana 70112-1262 is the largest natural disaster ever sustained by the United States Department of Veterans Affairs.

B. The Basement of the former United States Department of Veterans Affairs Medical Center flooded after Hurricane KATRINA came ashore. CCS Industrial Sales, Incorporated, 3062 Highway 43 North, Picayune, Mississippi 39466-7848 (CCS Industrial Sales) was contacted immediately by a Facilities Engineer at the former United States Department of Veterans Affairs Medical Center, and he asked CCS Industrial Sales to inspect and provide a firm fixed-price quotation for removal of water from the Basement of the former United States Department of Veterans Affairs Medical Center. The quotation was issued, reviewed, and Purchase Order Number V502P-2477 in the amount of $165,000 was issued to CCS Industrial Sales on September 11th, 2005. Due to the nature of the work involved, the specific equipment required, and the lack of manpower and equipment on the Gulf Coast, CCS Industrial Sales subcontracted these remediation services to Plaintiff AFTERDISASTER. The remediation services were completed on September 22nd, 2005, invoiced, and then payment was received.

C. Randy Braley of VISN 16 thereafter arrived at the former United States Department of Veterans Affairs Medical Center and set up a meeting with Plaintiff AFTERDISASTER in a portable on-site office. The purpose of the meeting was to ask if Plaintiff AFTERDISASTER could become a Prime Contractor involving clean-up of the effects of Hurricane KATRINA, including the Basement, Sub-basement, and other services "as needed" on Floors 1 through 10 of the former United States Department of Veterans Affairs Medical Center. Randy Braley said that he would issue an initial Purchase Order and then issue subsequent Purchase Orders to keep the work progressing. Randy Braley said that he was in complete charge of all procurement for clean-up of the former United States Department of Veterans Affairs Medical Center, and that because of the emergency resulting from Hurricane KATRINA he could issue Purchase Orders in large amounts to a Prime Contractor which could then timely mobilize labor and equipment at the former United States Department of Veterans Affairs Medical Center.

D. Randy Braley gave Plaintiff AFTERDISASTER verbal authorization to proceed. Randy Braley told Plaintiff AFTERDISASTER that United States Department of Veterans Affairs would monitor progress and would keep issuing successor Purchase

Orders as needed to keep Plaintiff AFTERDISASTER on the job. Plaintiff AFTERDISASTER was directed by the United States Department of Veterans Affairs to "stay the course" and to "get the place cleaned up."

E. On October 28th, 2005 Maria Pizzaro, a United States Department of Veterans Affairs VISN 16 Contracting Officer, gave Plaintiff AFTERDISASTER the Procurement Instrument Identification Numbers of Purchase Orders Numbers 586-C6-0194, 586-C6-0195, 586-C6-0204, 586-C6-0216 and 586-C6-0218 together with a promise that complete physical copies of these five verbal Purchase Orders would be provided to Plaintiff AFTERDISASTER within two weeks of that date. When each of these verbal Purchase Orders was issued by Maria Pizzaro an initial amount was established at agreed-upon prices. In all cases except Purchase Order Number 586-C6-0195, the remediation services finally delivered by Plaintiff AFTERDISASTER at the agreed-upon prices exceeded the initial amounts. Appropriated funds were reserved for the initial amounts of these five Purchase Orders. In fact, complete physical copies of these five verbal Purchase Orders were not provided to Plaintiff AFTERDISASTER until after Plaintiff filed its certified Contract Disputes Act Claim on May 16th, 2007.

F. On November 9th, 2005 Plaintiff AFTERDISASTER renewed its request for complete physical copies of these five verbal Purchase Orders. VISN 16's response to this request was improper and unlawful threats by VISN 16 Contracting Officers Randy Braley and Maria Pizzaro. A contemporaneous account by an official of Plaintiff AFTERDISASTER of these improper and unlawful threats by VISN 16 Contracting Officers Randy Braley and Maria Pizzaro is Attachment 1 to Plaintiff's Complaint filed in this Civil Action on December 18th, 2007.

G. Plaintiff AFTERDISASTER finally completed the remediation services ordered under verbal Purchase Order Number 586-C6-0216 (Tree/Vegetation Removal) on November 21st, 2005. Plaintiff AFTERDISASTER invoiced $88,504.55 for these remediation services on September 15th, 2006. Plaintiff AFTERDISASTER finally completed the remediation services ordered under verbal Purchase Order Number 586-C6-0218 (Parking Garage Pressure Washing) on December 19th, 2005. Plaintiff AFTERDISASTER invoiced $119,111.05 for these remediation services on March 10th, 2006. Plaintiff AFTERDISASTER finally completed the remediation services ordered under verbal Purchase Order Number 586-C6-0194 (Site Cleanup/Power Scrub) on January 6th, 2006. Plaintiff AFTERDISASTER invoiced $172,180.57 for these remedia-

tion services on May 16th, 2006. Plaintiff AFTERDISASTER was paid $74,250 under Purchase Order Number 586-C6-0194 (Site Cleanup/Power Scrub) and the balance of $721.07 within the appropriated funds reserved on Purchase Order Number 586-C6-0194 is past due. Plaintiff AFTERDISASTER finally completed the remediation services ordered under verbal Purchase Order Number 586-C6-0195 (Cleaning—10G, 9G, 1G, Emergency Room, Patios) on January 6th, 2006. Plaintiff AFTERDISASTER invoiced $1,385,499.32 for these remediation services on May 10th, 2007. Plaintiff AFTERDISASTER finally completed the remediation services ordered under verbal Purchase Order Number 586-C6-0204 (Air Scrubbers, Filters, and Set-Up) on January 31st, 2006. Plaintiff AFTERDISASTER invoiced $1,819,556.29 for these remediation services on February 19th, 2007. Plaintiff AFTERDISASTER has been paid nothing under Purchase Orders Numbers 586-C6-0195, 586-C6-0204, 586-C6-0216 and 586-C6-0218.

H. Plaintiff AFTERDISASTER submitted to VISN 16 Contracting Officer Brenda Stewart on May 16th, 2007 a certified $3,510,602 Contract Disputes Act Claim for remediation services delivered by Plaintiff AFTERDISASTER under verbal Purchase Orders Numbers 586-C6-0194, 586-C6-0195, 586-C6-0204, 586-C6-0216 and 586-

C6-0218. This certified Contract Disputes Act Claim seeks recovery of $2,295,829.68 for remediation services delivered within the initial amounts established by VISN 16 Contracting Officer Maria Pizzaro for these five verbal Purchase Orders and this certified Contract Disputes Act Claim seeks recovery of $1,214,772.10 for continued remediation services delivered by Plaintiff AFTERDISASTER over and above the initial amounts established by VISN 16 Contracting Officer Maria Pizzaro for these five verbal Purchase Orders.

I. On June 8th, 2007 the United States Department of Veterans Affairs' Office of Inspector General asked Plaintiff AFTERDISASTER for books and records supporting the certified Contract Disputes Act Claim that had been filed by Plaintiff AFTERDISASTER. In fact Plaintiff AFTERDISASTER had already submitted daily reports to the United States Department of Veterans Affairs when Plaintiff AFTERDISASTER was on-site in New Orleans. And the Federal employees of the United States Department of Veterans Affairs to whom Plaintiff AFTERDISASTER submitted these on-site daily reports remain on the rolls of the United States Department of Veterans Affairs.

J. On July 17th, 2007, this in response to a Freedom of Information Act, 5 U.S.C. § 552(a)(3), request, VISN 16 provided physical copies of Purchase Order Numbers

586-C6-0194, 586-C6-0195, 586-C6-0204, 586-C6-0216 and 586-C6-0218. Purchase Order Number 586-C6-0194 reserves appropriated funds in the amount of $75,000. Purchase Order Number 586-C6-0195 reserves appropriated funds in the amount of $1,500,000. Purchase Order Number 586-C6-0204 reserves appropriated funds in the amount of $750,000. Purchase Order Number 586-C6-0216 reserves appropriated funds in the amount of $75,000. Purchase Order Number 586-C6-0218 reserves appropriated funds in the amount of $85,000. A true and complete copy of the July 17th, 2007 Freedom of Information Act response and its enclosures is Attachment 1 to this Status Report.

K. Purchase Order Numbers 586-C6-0194 and 586-C6-0195 are issued as "Estimated Purchase Order" with no other express requirements stated. Purchase Order Number 586-C6-0216 reserves appropriated funds in the amount of $75,000 and is not issued as an "Estimated Purchase Order." No other express requirements are stated for Purchase Order Number 586-C6-0216. Only two of the five Purchase Orders, Purchase Order Numbers 586-C6-0204 and 586-C6-0218, contain express requirements providing that Plaintiff AFTERDISASTER not exceed the estimated amounts of these Purchase Orders without written approval.

L. On March 3rd, 2008 the United States Department of Veterans Affairs' Office of Inspector General issued its Report on the costs claimed by Plaintiff AFTERDISASTER under these five verbal Purchase Orders. The Report by the United States Department of Veterans Affairs' Office of Inspector General questions $722,108 of the $3,510,602 costs Claimed by Plaintiff AFTERDISASTER. The Report by the United States Department of Veterans Affairs' Office of Inspector General asserts that United States Department of Veterans Affairs Contracting Officers Randy Braley and Maria Pizzaro had told Plaintiff AFTERDISASTER in the fall of 2005 that the five verbal Purchase Orders were issued as "not-to-exceeds" and that Plaintiff AFTERDISASTER was told to notify Defendant United States Department of Veterans Affairs when billings reached eighty percent of the reserved appropriated funds. The Report by the United States Department of Veterans Affairs' Office of Inspector General does not say from whom, or just when, Plaintiff AFTERDISASTER received complete physical copies of the five verbal Purchase Orders issued by VISN 16 Contracting Officer Maria Pizzaro. A true and complete copy of the March 3rd, 2008 Report by the United States Department of Veterans Affairs' Office of Inspector General is Attachment 2 to this Status Report.

M. On March 10th, 2008 Plaintiff AFTERDISASTER responded to the March 3rd, 2008 Report by the United States Department of Veterans Affairs' Office of Inspector General. This Response by Plaintiff AFTERDISASTER specifically challenges the assertion that the five verbal Purchase Orders were issued as "not-to-exceeds" and the assertion that Plaintiff AFTERDISASTER was to notify Defendant United States Department of Veterans Affairs when billings reached eighty percent of the reserved appropriated funds. This Response by Plaintiff AFTERDISASTER concedes that due to a calculation error by Plaintiff AFTERDISASTER Defendant United States Department of Veterans Affairs has been overbilled $29,159 on Purchase Order Number 586-C6-0195. A true and complete copy of this March 10th, 2008 Response by Plaintiff AFTERDISASTER is Attachment 3 to this Status Report.

N. On Monday, April 28th, 2008 Plaintiff AFTERDISASTER received an electronic copy of VISN 16 Contracting Officer Brenda Stewart's Final Decision of April 24th, 2008 on Plaintiff's AFTERDISASTER's certified Contract Disputes Act Claim on May 16th, 2007. VISN 16 Contracting Officer Brenda Stewart's Final Decision asserts, wrongly, that the five Purchase Orders were issued as "estimated orders" and that "[m]ost of these orders expressly prohibited the contractor from exceeding the

amount on the PO without prior approval from the Contracting Officer." VISN 16 Contracting Officer Brenda Stewart's Final Decision reports, for the first time, that: "[a]ccording to Contracting Officer Maria Pizzaro, all of these Purchase Orders were sent to AD [AFTERDISASTER] via mail." VISN 16 Contracting Officer Brenda Stewart's Final Decision finds that Plaintiff AFTERDISASTER is "currently due a combined total of $2,248,911.69 for work performed under Purchase Orders 586-C60194, 586-C60195, 586-C60204, 586-C60216, and 586-C60218." A true and complete copy of VISN 16 Contracting Officer Brenda Stewart's Final Decision of April 24th, 2008 is Attachment 4 to this Status Report.

O. On Monday afternoon, April 28th, 2008 Defendant United States Department of Veterans Affairs proposed filing a Joint Status Report in response to the Court's Order of March 26th, 2008 wherein the parties would continue the Stay of Proceedings through Friday, June 27th, 2008 and then file a successor Joint Status Report by July 3rd, 2008.

P. On Tuesday morning, April 29th, 2008 Plaintiff AFTERDISASTER proposed instead a continuation of this Stay of Proceedings through Friday, May 23rd, 2008 and that if a Settlement had not by then been concluded, submission to the Court of a

schedule for further proceedings, including discovery and a Hearing on the Merits. A true and complete copy of this electronic message is Attachment 5 to this Status Report.

Q. On Tuesday afternoon, April 29th, 2008 Defendant United States Department of Veterans Affairs responded that it would "take my case up with the Court in our upcoming status report, which is due next week." On Wednesday morning, April 30th, 2008 Plaintiff AFTERDISASTER asked why it is unacceptable to continue the Stay of Proceedings only through Friday, May 23rd, 2008 and why Defendant United States Department of Veterans Affairs needs to continue the Stay of Proceedings through Friday, June 27th, 2008. Plaintiff AFTERDISASTER has received no response to this inquiry of Wednesday morning, April 30th, 2008. A true and complete copy of these electronic messages is Attachment 6 to this Status Report.

WHEREFORE, Plaintiff AFTERDISASTER respectfully reports to the Court: (a) that there is no prospect that settlement negotiations may be successfully concluded; (b) that the parties cannot agree even on a schedule for settlement negotiations; and (c) that the parties so far are unable to agree on a schedule for further proceedings in this Civil Action.

Respectfully submitted,

/s/ Cyrus E. Phillips, IV

______________________________
Cyrus E. Phillips, IV

District of Columbia Bar Number 456500,
Virginia State Bar Number 03135

May 1st, 2008

1828 L Street, N.W., Suite 660
Washington, D.C. 20036-5112

| | |
|---|---|
| Telephone: | (202) 466-7008 |
| Facsimile: | (202) 466-7009 |
| Electronic Mail: | lawyer@procurement-lawyer.com |

Attorney of record for Plaintiff,
Southeast Restoration, Inc. d/b/a AFTERDISASTER.

## CERTIFICATE OF SERVICE

I hereby certify, under penalty of perjury, that on Thursday, May 1st, 2008 a true and complete copy of this Plaintiff's Status Report was filed electronically via the Court's Electronic Case Filing System, through which notice of this filing will be sent to:

Armando A. Rodriguez-Feo, Esq.

Electronic Mail: Armando.Rodriguez-Feo@usdoj.gov

Attorney of record for Defendant,
United States Department of Veterans Affairs.

/s/ Cyrus E. Phillips, IV

Cyrus E. Phillips, IV