IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SOUTHEAST RESTORATION INC.<br>dba AFTERDISASTER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES<br><br>Defendant. | ) | No. 07-884C<br>(Judge Bush) |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 are plaintiff's characterization of its case to which no answer is required.

2. The allegations contained in paragraph 2 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3. The allegations contained in paragraph 3 are plaintiff's characterization of its case to which no answer is required.

4. The allegations contained in paragraph 4 are plaintiff's characterization of its case to which no answer is required.

5. Admits the allegation contained in the first sentence of paragraph 5 that Southeast Restoration, Inc. (hereinafter "AFTERDISASTER") is the plaintiff. Denies the remaining allegations contained in paragraph 5 for lack of knowledge or information sufficient to form a belief as to their truth.

6. Admits the allegation contained in the first sentence of paragraph 6 that plaintiff AFTERDISASTER is the awardee of Purchase Order Numbers 586-C6-0194, 586-C6-0195, 586-C6-0204, 586-C6-0216, and 586-C6-0218. Copies of these purchase orders are included with this answer as Exhibit A. The remaining allegations contained in the first sentence of

paragraph 6 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The allegations contained in the second sentence of paragraph 6 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegation contained in the third sentence of paragraph 6. Denies the allegation contained in the fourth sentence of paragraph 6 for lack of knowledge or information sufficient to form a belief as to its truth; defendant avers that the contracting officer mailed the plaintiff the purchase orders shortly after they were issued. Admits the allegations contained in the fifth sentence of paragraph 6.

7. Admits the allegations contained in the first sentence of paragraph 7. The allegations contained in the second and third sentence of paragraph 7 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

8. The allegations contained in paragraph 8 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Defendant avers that the only proper defendant in this case is the United States.

9. The allegations contained paragraph 9 constitute conclusions of law to which no answer is required; to the extent they may be deemed an allegation of fact, they are denied.

10. The allegations contained paragraph 10 constitute conclusions of law to which no answer is required; to the extent they may be deemed an allegation of fact, they are denied.

11. Admits the allegation contained in the first sentence of paragraph 11. Denies the allegation contained in the second sentence of paragraph 11 for lack of knowledge or information sufficient to form a belief as to its truth.

12. Admits the allegation contained in the first sentence of paragraph 12. Denies the allegation contained in the second sentence of paragraph 12. Admits the allegation contained in the third sentence of paragraph 12 that contract no. V502P-2477 for water removal services was

awarded to CCS Industrial Sales. Denies the remaining allegations contained in the third sentence of paragraph 12. Defendant avers that the contract was awarded on September 13, 2005, and included an estimated not to exceed amount of $180,000. Admits the allegation contained in the fourth sentence of paragraph 12 that AFTERDISASTER was a subcontractor under Contract V502P-2477. Denies the remaining allegations contained in the fourth sentence of paragraph 12 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegation contained in fifth sentence of paragraph 12. Defendant avers that CCS was paid $165,000 for the completed water removal services that were performed under Contract V502P-2477.

13. Denies the allegation contained in the first sentence of paragraph 13 that Randy Braley worked for the South Central Veterans Affairs Health Care Network. Admits the remaining allegations in the first sentence of paragraph 13. Admits the allegations contained in the second sentence of paragraph 13. Denies the allegations contained in the third and fourth sentences of paragraph 13.

14. Denies.

15. Admits the allegation contained in the first sentence of paragraph 15 that Maria Pizarro gave plaintiff the subject purchase order numbers. Denies the allegations contained in the second sentence of paragraph 15 for lack of knowledge or information sufficient to form a belief as to their truth. Defendant avers that the contracting officer mailed the plaintiff the purchase orders shortly after they were issued.

16. Denies the allegation contained in the first sentence of paragraph 16 for lack of knowledge or information sufficient to form a belief as to its truth. Denies the allegations contained in the second and third sentences of paragraph 16.

17. The allegations contained in paragraph 17 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

18. The allegations contained in paragraph 18 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

19. The allegations contained in paragraph 19 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

20. Denies. Defendant avers that AFTERDISASTER personnel were not on site the entire time from October 7, 2005, through March 4, 2006, and that AFTERDISASTER performed only the tasks identified in Purchase Order Numbers 586-C6-0194, 586-C6-0195, 586-C6-0204, 586-C6-0216, and 586-C6-0218.

21. Denies the allegations contained in the first sentence paragraph 21. Admits the allegations contained in the second and third sentences paragraph 21. Admits the allegation contained in the fourth sentence of paragraph 21 that AFTERDISASTER provided “daily work plans” to the contracting officer’s representative and another private contractor. Denies the remaining allegations contained in the fourth sentence of paragraph 21. Defendant avers that AFTERDISASTER’s “daily work plans” documented what it hoped to accomplish on a given day – not what was actually completed.

22. The complaint does not contain a paragraph 22.

23. The complaint does not contain a paragraph 23.

24. The complaint does not contain a paragraph 24.

25. The complaint does not contain a paragraph 25.

26. The complaint does not contain a paragraph 26.

27. The complaint does not contain a paragraph 27.

28. Admits.

29. The allegations contained in paragraph 29 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Defendant avers that it received a claim on or about May 16, 2007, for which the contracting officer did not issue a final decision until April 24, 2008.

30. Admits the allegations contained in the first sentence of paragraph 30 to the extent supported by the June 8, 2007 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 30. Admits the allegation contained in the second sentence of paragraph 30 that "daily work plans" were submitted to defendant. Denies the allegation contained in the second sentence of paragraph 30 that daily reports or "daily work plans" were submitted to the defendant from October 2005 through March 2006. Defendant avers that the final "daily work plan" was submitted on February 2, 2006. Admits the allegation contained in the third sentence of paragraph 30.

31. Denies the allegations contained in paragraph 31 for lack of knowledge or information sufficient to form a belief as to their truth. Defendant avers that plaintiff's counsel has offered to share documents with Government counsel and that plaintiff's counsel and Department of Justice counsel of record are both situated within the District of Columbia.

32. Denies. Defendant avers that the Contractor submitted a binder of timesheets, costs estimates, and correspondence to the United States Department of Veterans Affairs Office of Inspector General ("VA OIG") on or about July 6, 2007. Defendant further avers that the cover letter submitted with these materials was dated July 5, 2007.

33. Admits.

34. Admits the allegations contained in the first two sentences of paragraph 34 to the extent supported by the December 10, 2007 e-mails cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first two sentences of paragraph 34. Denies the

allegations contained in the third, fourth, and fifth sentences of paragraph 34. Defendant avers that on March 3, 2008, plaintiff was provided a copy of the VA OIG audit of plaintiff's claims contained in its May 2007 claim. Defendant further avers that on April 24, 2008, the contracting officer issued her final decision concerning plaintiff's claims.

35. Defendant's responses to paragraphs 1 through 34 of the complaint are incorporated by reference.

36. The allegations contained in paragraph 36 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

37. Defendant's responses to paragraphs 1 through 34 of the complaint are incorporated by reference.

38. The allegations contained in paragraph 38 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

39. Defendant's responses to paragraphs 1 through 34 of the complaint are incorporated by reference.

40 The allegations contained in paragraph 40 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

41. Defendant's responses to paragraphs 1 through 34 of the complaint are incorporated by reference.

42. The allegations contained in paragraph 42 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

43. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 42, or to any relief whatsoever.

44. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

s/Armando A. Rodriguez-Feo
ARMANDO A. RODRIGUEZ-FEO
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., N.W.
Washington, D.C. 20530
Tele: 202-307-3390
Fax: 202-514-8624

Attorneys for Defendant

Of Counsel:

HELEN SWIETLIK HENNINGSEN
Office of General Counsel
Department of Veterans Affairs
5000 West National Ave., Bldg. 5
Milwaukee, WI 25295
Tele: 414-902-5408
Fax: 414-902-5440

May 30, 2008

CERTIFICATE OF FILING

I hereby certify that on this 30th day of May, 2008, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Armando Rodriguez-Feo