**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| SOUTHEAST RESTORATION, INC., d/b/a AFTERDISASTER | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-884C (Judge Bush) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), Plaintiff, Southeast Restoration, Inc., d/b/a AFTERDISASTER, and Defendant, the United States, by their representative attorneys, respectfully submit this Joint Preliminary Status Report:

a. Does the Court have jurisdiction over the action?

Plaintiff states that the Court has jurisdiction to consider and decide this Civil Action pursuant to 28 U.S.C. § 1491 and 41 U.S.C. § 609. Defendant is not aware at this time of any basis upon which to challenge the Court's jurisdiction.

b. Should the Case be consolidated with any other Case?

The parties agree that this case should not be consolidated with any other case.

c. Should the trial of liability and damages be bifurcated?

At this time, the parties do not believe that trial should be bifurcated as to liability and damages.

d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?

The parties agree that further proceedings in this case should not be deferred pending

consideration of another case before this Court or any other tribunal.

e. Will a remand or suspension be sought?

The parties do not believe that another remand or suspension will be sought.

f. Will additional parties be joined?

The parties do not currently anticipate that additional parties will be joined.

g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56, and, if so, what is the proposed schedule for the intended filing?

On June 4, 2008, Southeast filed a motion for partial summary judgment. The Government's response is due on August 6, 2008. The Government may file its own dispositive motion in the future.

h. What are the relevant factual and legal issues?

Plaintiff's Statement of Factual and Legal Issues

Plaintiff currently identifies at least the following relevant factual and legal issues:

(1) A legal issue arising under Purchase Order Numbers 586-C0204, 586-C60194, 586-C60218, and 586-C60216 ("Purchase Orders") is whether Plaintiff's Claim for sums in excess of the amounts obligated under these four Purchase Orders is precluded by the express terms of these Purchase Orders (586-C0204 and 586-C60218) and/or by verbal directives issued by Contracting Officers Randy Braley and Maria Pizarro. Plaintiff asserts that Defendant, by the improper and unlawful affirmative misconduct of these Contracting Officers on November 9, 2005, is equitably estopped from now asserting that Plaintiff's Claim for sums in excess of the amounts obligated under these four Purchase Orders is precluded by these express terms and/or verbal directives. Plaintiff asserts that the express terms of the Purchase Orders were never disclosed despite repeated requests; and that verbal directives issued by Contracting Officers Randy Braley and Maria Pizarro never limited the work to be performed to the amounts

obligated under these four Purchase Orders. Data Computer Corporation of America v. United States, 80 Fed. Cl. 606, 614-17 (2008).

(2) A legal issue arising under Purchase Order Numbers 586-C0204, 586-C60194, 586-C60218, and 586-C60216 is whether Plaintiff's Claim for sums in excess of the amounts obligated under these four Purchase Orders is precluded by the express terms of these Purchase Orders (586-C0204 and 586-C60218) and/or by verbal directives issued by Contracting Officers Randy Braley and Maria Pizarro. Plaintiff asserts that Defendant has waived these express terms and/or verbal directives by reason of Defendant's daily receipt, review of, and concurrence with, reports from Plaintiff providing detailed documentation of directions received, procedures implemented, and results obtained, and that Defendant has waived these express terms and/or verbal directives by reason of Defendant's failure to make an objection, ask a question, or lodge a complaint about delivered remediation services in excess of the amounts obligated under these four Purchase Orders. Plaintiff asserts that these daily reports were provided to the Defendant and its on-site representatives from October 31, 2005, through February 2, 2006. International Resource Recovery, Inc. v. United States, 60 Fed. Cl. 428, 431-32 (2004) (quoting Gresham & Co. v. United States, 470 F.2d 542, 554-55 (Ct. Cl. 1972)).

(3) A legal issue arising under Purchase Order Numbers 586-C0204, 586-C60194, 586-C60218, and 586-C60216 is whether Plaintiff's Claim for sums in excess of the amounts obligated under these four Purchase Orders is in fact authorized by a course of dealing at Veterans Affairs Medical Center New Orleans wherein if funding limitations had been exceeded on a particular Purchase Order (a common occurrence), Veterans Affairs then would issue a successor Purchase Order for the funds that had been reserved, pay that Purchase Order, issue a second Purchase Order for the amount yet to be paid, and then pay the additional amount due with the

additional funds reserved on the second Purchase Order. Plaintiff asserts that it was aware of this course of dealing by reason of its operations as a subcontractor under Purchase Order Number 586-C0329, a Purchase Order issued to CCS Industrial Sales, Incorporated, 3062 Highway 43 North, Picayune, Mississippi 39466-7848. Plaintiff asserts that operations under Purchase Order Number 586-C0329 also took place at the Veterans Affairs Medical Center New Orleans, asserts that these operations were also directed by Contracting Officer Randy Braley, and asserts that these operations were largely contemporaneous with the operations under Purchase Order Numbers 586-C0204, 586-C60194, 586-C60218, and 586-C60216. Plaintiff asserts that on only one Purchase Order, Purchase Order Number 586-C60915, did Defendant's Ben Coe issue a directive that the funds obligated by this Purchase Order not be exceeded. North Star Alaska Housing Corp. v. United States, 76 Fed. Cl. 158, 194 (2007).

(4) A legal issue arising under Purchase Order Number 586-C0204 is whether Plaintiff is estopped from making Claim for sums in excess of the amounts obligated under this Purchase Order, sums incurred after December 10th, 2005, through January 13, 2006, by reason of a report from Plaintiff to Contracting Officer Randy Braley on December 9, 2005, that "we should not exceed [the amount obligated on] that purchase order based on current schedule." Plaintiff asserts that it is not estopped from making Claim for sums in excess of the amounts obligated under Purchase Order 586-C0204 because these sums represent remediation services performed throughout the entirety of the Veterans Affairs Medical Center New Orleans. Plaintiff asserts that the report from Plaintiff to Contracting Officer Randy Braley on December 9, 2005, was made on an anticipated schedule and Plaintiff asserts that this anticipated schedule was immediately altered by Defendant. Plaintiff asserts that it engaged in no misleading conduct. American Airlines, Inc. v. United States, 77 Fed. Cl. 672, 679-80 (2007).

(5) A factual issue arising under Purchase Order Numbers 586-C0204, 586-C60194, 586-C60218, and 586-C60216 is whether Plaintiff is bound by the express terms of these four Purchase Orders and/or by verbal directives issued by Contracting Officers Randy Braley and Maria Pizarro. Defendant asserts that Contracting Officers Randy Braley and Maria Pizarro issued verbal directives concerning these four Purchase Orders and that Contracting Officer Maria Pizarro mailed written copies of all five Purchase Orders here in issue (including Purchase Order 586-C60195) to Plaintiff. Plaintiff asserts that Contracting Officers Randy Braley and Maria Pizarro issued no such verbal directives as claimed by Defendant. Plaintiff asserts that it did not receive written copies of all five Purchase Orders until July 17, 2007 (and this in response to a Freedom of Information Act request by Plaintiff's counsel) and Plaintiff expressly denies that it received written copies of these five Purchase Orders from Contracting Officer Maria Pizarro or from any other of Defendant's officers, employees, or representatives.

(6) A factual issue arising under Purchase Order Number 586-C0204 concerns the numbers of air scrubbers required to be placed in service. Defendant contends that only 123 air scrubbers were required to be placed in service and Defendant thus questions Plaintiff's Claim for additional air scrubbers. Plaintiff asserts that all of the air scrubbers were required to be placed in service to comply with Remedial Protocols issued by Defendant's third-party consultant, AMI Group, Incorporated d/b/a AMI Environmental (AMI) and Indoor Environmental Services (IES), a subcontractor of AMI Environmental. Plaintiff asserts, and Defendant does not dispute, that 192 air scrubbers were in place at the Veterans Affairs Medical Center New Orleans during the period December 10, 2005, through January 13, 2006, and Plaintiff asserts that it submitted daily reports to Defendant disclosing the installation, presence, and operation of these air scrubbers. Plaintiff asserts that representatives of Veterans Affairs

Medical Center New Orleans, of AMI, and of IES reviewed the air scrubber installations and locations and Plaintiff asserts that none of these representatives found that the air scrubber installations or locations were not in compliance with these Remedial Protocols.

(7) A factual issue arising under Purchase Order Number 586-C60195 concerns the calculation of charges for duct cleaning and the calculation of charges for HEPA vacuuming and a damp wipe with germicide. Defendant asserts that Plaintiff has overcharged $44,596. Plaintiff concedes only that a mathematical error resulted in an additional charge of $29,159 under Purchase Order Number 586-C60195 for duct cleaning and for HEPA vacuuming and a damp wipe with germicide.

(8) A factual issue arising under Purchase Order 586-C60218 concerns sweeping of the parking garage. Defendant asserts that Plaintiff has overcharged $36,853 for sweeping the parking garage in addition to power washing because sweeping was not required by the terms of Purchase Order 586-C60218. Plaintiff asserts that sweeping of the parking garage in addition to power washing was required because Defendant decided to make daily use of the parking garage after Purchase Order 586-C60218 was issued.

(9) A factual issue arising under Purchase Order Number 586-C60194 concerns the application of germicide to exterior stained surfaces. Defendant asserts that Plaintiff has overcharged $24,872 because application of germicide was not required either by the express terms of Purchase Order Number 586-C60194 or by Defendant's third-party consultant, AMI Environmental. Plaintiff asserts that the application of germicide to exterior stained surfaces was authorized and directed by AMI Environmental's Brian Gibson.

<u>Defendant's Statement of Factual and Legal Issues</u>

Defendant asserts that there are factual questions concerning the exact work performed by

Plaintiff as explained in the agency contracting officer's final decision of April 24, 2008.

Defendant further asserts that Plaintiff cannot recover payment for the costs beyond the ceiling price of the Purchase Orders. It is well-settled that existence of an express contract (in this case, the Purchase Orders) precludes recovery based upon an implied-in-fact contract, which covers the same subject matter.

i. What is the likelihood of settlement? Is alternative dispute resolution contemplated?

The parties have discussed settlement and will continue to do so. The parties are willing to engage in ADR.

j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling? What is the requested place of trial?

Assuming that the case is not resolved upon dispositive motions, or that the case does not settle, the parties anticipate proceeding to trial. If trial is required, both parties request that the trial be held in Washington, DC.

k. Are there special issues regarding case management needs?

The parties are unaware of any special issues regarding case management needs.

l. Is there any other information of which the Court should be aware at this time?

The parties are unaware of any other information of which the Court should be aware at this time.

m. Discovery

Plaintiff proposes the following discovery schedule:

| | |
|---|---|
| Deadline for Fact Discovery | September 30, 2008 |
| Deadline for the filing of Dispositive Motions | October 31, 2008 |

Defendant proposes that the Court stay discovery until it rules upon Plaintiff's motion for partial summary judgment. Once the Court rules, the parties will file a proposed discovery schedule. Plaintiff opposes such a request and, given that there has already been document disclosure and a thorough review by the Agency's Office of Inspector General, asks leave to commence discovery in accordance with RCFC 26(d).

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

s/ Cyrus E. Phillips, IV
CYRUS E. PHILLIPS, IV
1828 L St., NW, Suite 660
Washington, D.C. 20036-5112
Tel: (202) 466-7008
Fax: (202) 466-7009

Attorney for Plaintiff

s/Armando A. Rodriguez-Feo
ARMANDO A. RODRIGUEZ-FEO
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., NW
Washington, D.C. 20530
Tel: (202) 307-3390
Fax: (202) 514-8624

Attorneys for Defendant

July 18, 2008

CERTIFICATE OF FILING

I hereby certify that on this 18th day of July, 2008, a copy of foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Armando Rodriguez-Feo