IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SOUTHEAST RESTORATION, INC., d/b/a AFTERDISASTER, Plaintiff, | ) | No. 07-884C (Judge Bush) |
| v. | ) | |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant, the United States, pursuant to Rule 56 of the Rules of the United States Court of Federal Claims ("RCFC"), respectfully submits this brief in opposition to plaintiff's motion for partial summary judgment. In support of our opposition we rely upon the pleadings, Defendant's Response to Plaintiff's Proposed Findings of Uncontroverted Fact, and this brief.

## STATEMENT OF CASE

### I. Nature Of Case

Plaintiff, Southeast Restoration, Inc., d/b/a AFTERDISASTER ("AFTERDISASTER"), seeks payment for remediation services performed after Hurricane Katrina at the Veterans Affairs Medical Center ("VAMC") New Orleans, pursuant to Purchase Orders 586-C60194, 586-C60195, 586-C60204, 586-C60216, and 586-C60218.

### II. Statement Of Facts

We respectfully refer the Court to the plaintiff's proposed findings of uncontroverted facts, and offer only a brief summary of relevant facts below.

The United States Department of Veterans Affairs ("VA") awarded AFTERDISASTER Purchase Orders 586-C60194, 586-C60195, 586-C60204, 586-C60216, and 586-C60218 relating

to the post-Katrina cleanup at VAMC. AFTERDISASTER alleges that it was not paid for the remediation services delivered. PPFUF ¶ 1.

On May 16, 2007, AFTERDISASTER submitted its claim for remediation services delivered by AFTERDISASTER pursuant to Purchase Order Numbers 586-C60194, 586-C60195, 586-C60204, 586-C60216, and 586-C60218 in the amount of $3,510,602. PPFUF ¶ 3.

On December 18, 2007, AFTERDISASTER filed its complaint with this Court seeking no less than $3,510,602, plus interest pursuant to the Contract Disputes Act, 41 U.S.C. § 611 ("CDA"). PPFUF ¶ 4.

On January 8, 2008, at the request of the parties, the Court remanded the case to the VA for a contracting officer's final decision concerning the claim. On April 24, 2008, the contracting officer issued her final decision on and concluded that AFTERDISASTER was entitled to $2,248,911.69 for work performed under the purchase orders at issue. PPFUF ¶ 6.

## ARGUMENT

### I. Standard Of Review Of Summary Judgment Under RCFC 56

This Court may grant summary judgment only when there is no genuine issue as to any material fact, and the moving party is entitled to judgment in its favor as a matter of law. RCFC 56. Rule 56 provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Id. In order for a motion for summary judgment to be granted, the moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Id. Summary

judgment will not be granted if there exists a genuine issue of material fact. RCFC 56; see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Composite Laminates, Inc. v. United States, 27 Fed. Cl. 310, 315 (1992).

When making a summary judgment determination, the court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. Id. at 249; see also Cloutier v. United States, 19 Cl. Ct. 326, 328 (1990), aff'd, 937 F.2d 622 (Fed. Cir. 1991). Any doubt over factual issues must be resolved in favor of the party opposing summary judgment, to whom the benefit of all presumptions and inferences runs. Composite Laminates, Inc., 27 Fed. Cl. at 316; Matsushita Elec. Indus. Co., 475 U.S. at 587. As discussed, AFTERDISASTER fails to establish that there are no issues of material fact, which would entitle it to summary judgment.

Indeed, AFTERDISASTER fails to offer any evidence establishing its entitlement, but rather, only argues that the contracting officer’s final decision is conclusive upon this Court for at least part of its complaint. This is simply wrong as a matter of law.

## II. AFTERDISASTER Is Not Entitled To Partial Summary Judgment Because A Challenged Contracting Officer’s Decision Is Reviewed De Novo By This Court

AFTERDISASTER argues that because the contracting officer determined that it was entitled to $2,248,911.69, it is entitled to summary judgment. Pl. Br. at 2. However, a contracting officer’s decision is not dispositive, for the Contract Disputes Act of 1978 (“CDA”) provides that if a contractor brings a claim in this court it shall be reviewed de novo. 41 U.S.C. § 609 (a)(3);

In a series of three decisions, the United States Court of Appeals for the Federal Circuit has held that a contracting officer’s findings are not entitled to any deference by the courts. The first of these decisions was Assurance Co. v. United States, 813 F.2d 1202 (Fed. Cir. 1987). In

that case, the contractor had requested an equitable adjustment to a construction contract, and the contracting officer made a small award to the contractor. Id. at 1204. The contractor appealed to the Armed Services Board of Contract Appeals ("ASBCA"), which negated one portion of the contracting officer's award and reduced the other portion of the award. Id.

The Federal Circuit held that the ASBCA possessed the authority to nullify or reduce the contracting officer's award. Id. at 1206. The court of appeals noted that, prior to the enactment of the CDA, the United States Court of Claims had held that an appeal to a contracts board "'vacated' the contracting officer's decision and entitled the contractor to a de novo hearing before, and de novo decision by, the board." Id. (citing Southwest Welding & Mfg. Co. v. United States, 413 F.2d 1167, 1184-85 (Ct. Cl. 1969)). The Federal Circuit construed the CDA as incorporating this rule, so "where an appeal is taken to a board or court, the contracting officer's award is not to be treated as if it were the unappealed determination of a lower tribunal which is owed special deference or acceptance on appeal." 813 F.2d at 1206. Accordingly, the Federal Circuit upheld the ASBCA's decision that had reduced the award made by the contracting officer.

In Wilner v. United States, 24 F.3d 1397 (Fed. Cir. 1994), the Federal Circuit held that CDA claims brought in this Court, like CDA claims appealed to a board, must be decided de novo. In Wilner, a contractor claimed that it was entitled to 447 days of compensable delay. Id. at 1398. The contracting officer sustained the claim in part, finding that the contractor was entitled to 260 days of compensable delay. Id. Dissatisfied with that result, the contractor brought an action in this Court, seeking an award for the full 447 days. Id. The Government contended at trial that the contractor was not entitled to any delay compensation. Id. The Court

found that the contractor had only proved entitlement to 91 days of compensable delay, but nonetheless awarded compensation for 259 of the 260 days found compensable by the contracting officer. Id. at 1399. The Court reasoned that the failure of proof at trial was an insufficient basis to reject the contracting officer's findings in favor of the contractor. Id.

Upon appeal in Wilner, the Federal Circuit vacated the trial court's decision and remanded with instructions to decide the claim based upon the evidence introduced at trial. Id. at 1403. The Federal Circuit explained:

> The plain language of the CDA and our decision in Assurance also make it clear that, in court litigation, a contractor is not entitled to the benefit of any presumption arising from the contracting officer's decision. De novo review precludes reliance upon the presumed correctness of the decision. See Renegotiation Bd. v. Bannercraft Clothing Co., 415 U.S. 1, 23, 94 S. Ct. 1028, 1040, 39 L. Ed.2d 123 (1974) (de novo proceeding is "unfettered by any prejudice from 1402 the agency proceeding and free from any claim that the [prior] determination is supported by substantial evidence"). Thus, once an action is brought following a contracting officer's decision, the parties start in court or before the board with a clean slate.

Id. at 1401-02. The court found that the trial court erred by relying upon the contracting officer's findings, even though the contractor had failed to meet its burden of proof at trial. In addition, the court expressly overruled a pre-CDA case, J.D. Hedin Constr. Co. v. United States, 347 F.2d 235 (Ct. Cl. 1965), "to the extent that it stands for the proposition that a contracting officer's decision constitutes a strong presumption or an evidentiary admission of the extent of the government's liability, albeit subject to rebuttal." Wilner at 1402-03.

The Federal Circuit reaffirmed this rule once again in England v. Sherman R. Smoot Corp., 388 F.3d 844 (Fed. Cir. 2004). In that case, a contractor requested an equitable adjustment for 53 days of compensable delay, and also requested that the contract completion

date be extended by 51 days. Id. at 846. The contracting officer found that only 21 of the 53 days were compensable, but nonetheless agreed to extend the date for contract completion by 51 days. Id.

The contractor appealed to the ASBCA, which concluded that the Government was responsible for 51 days of compensable delay. Id. at 848. The ASBCA reasoned that because the contracting officer had agreed to extend the completion date by 51 days, the contractor was entitled to a rebuttable presumption that the delay had been caused by the Government. Id. Because the Government did not rebut the presumption in proceedings before the board, the ASBCA ruled in favor of the contractor. Id.

The Federal Circuit vacated the ASBCA's decision and remanded with instructions to determine the merits of the claim without any presumption arising from the decision of the contracting officer. Id. at 857. After discussing 41 U.S.C. § 609(a)(3), Assurance, and Wilner, the Federal Circuit emphatically restated the long-standing rule that any findings of fact by a contracting officer in a final decision are not binding in any subsequent proceeding. Id. at 856.

Consistent with the CDA, Assurance, Wilner, and England, this Court has refused to defer to findings made in a contracting officer's final decision. For example, in Transamerica Corp., Inc. v. United States, 28 Fed. Cl. 418 (1993), this Court rejected a contractor's effort to appeal only the damages portion of a contracting officer's decision. In that case, the contracting officer had submitted a claim for an equitable adjustment in the amount of $265,549.89, but the contracting officer awarded only $179,530.25. Id. at 420. The contractor brought an action in this Court for the remainder, and asked the Court to deem its claim to the contracting officer to having been "denied only as to the amount of the equitable adjustment." Id. at 423. The Court

held it could not engage in such a "piecemeal analysis," because "[t]he modification is a unitary document upon which the plaintiff sued in the Claims Court." Id. at 423. Instead, the Court held that it was required to review de novo the contracting officer's entire decision. Id. at 424.

Similarly, this Court held in Renda Marine, Inc. v. United States, 66 Fed. Cl. 639 (2005), that trial de novo in this Court will result in a reduction of the contracting officer's award if the plaintiff fails to carry its burden at trial. In Renda Marine, the contracting officer had granted several of the plaintiff's requests for equitable adjustments based upon differing site conditions. Id. at 721. The Court correctly evaluated all of the plaintiff's claims de novo, without any presumption that the contracting officer's findings were correct. Id. at 647 (discussing 41 U.S.C. § 609(a)(3), Assurance, England, and Transamerica). After a trial, the Court found that the contractor was not entitled to the partial relief that the contracting officer had granted, let alone the additional relief it had sought in this Court. Id. at 721.

In AFTERDISASTER's motion for partial summary judgment, AFTERDISASTER relies solely on the contracting officer's decision as grounds for relief. As stated above, this argument is without merit since AFTERDISASTER cannot simply rely on the contracting officer's findings as conclusive, given that the contracting officer's decision is entitled to no deference. Simply put, AFTERDISASTER must prove its case in court. Moveover, as in Renda Marine, this Court may find that AFTERDISASTER is entitled to all, some, or none of the relief it seeks in its complaint. See Renda Marine, Inc., 66 Fed. Cl. 639, 721.

AFTERDISASTER suggests that the contracting officer's findings of fact and conclusions are presumed to be correct because the Government did not challenge the contracting officer's final decision. Pl. Br. at 2. It is well established that a contracting officer's

decision cannot be presumed to be factually correct simply because of a failure to challenge the contracting officer's determinations. England, 388 F. 3d 844, 848. In England, the ASBCA found in favor of the contractor because the Government did not challenge the decision of the contracting officer in the proceedings before the board. Id. On appeal, the Federal Circuit determined that the merits of the claim had to be determined without any presumption arising from the decision of the contracting officer. Id. at 857. Though the Government had not challenged the findings of the contracting officer, the Court found that the Government's failure to act could not be used to determine the merits of the case. In this case, as in England, the Government has not challenged the contracting officer's final decision. Though unchallenged, the findings of fact or the conclusion of the contracting officer cannot be construed as binding facts upon any subsequent proceedings, including the proceeding before this court, challenged or not. Id.

In support of its assertion that it is entitled to partial summary judgment, AFTERDISASTER cites to Volmer Construction, Inc. V. United States, 32 Fed. Cl. 746 (1995), a case in which this Court awarded partial summary judgment in a CDA claim due to lack of subject matter jurisdiction on the rest of the claim. Id. At 762. Unlike Volmer Construction Inc., however, this Court has subject matter jurisdiction over all of AFTERDISASTER's claim, and no basis exists for the court to rule on only part of the claim contained in the complaint.

## CONCLUSION

For the foregoing reasons, the Court should deny plaintiff's motion for partial summary judgment.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

s/Armando Rodriguez-Feo
ARMANDO A. RODRIGUEZ-FEO
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., NW
Washington, D.C. 20530
Tele: (202) 307-3390
Fax: (202) 514-8624

July 28, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 28th day of July, 2008, a copy of the foregoing "DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/Armando Rodriguez-Feo